**Concurring Opinion filed December 4, 2025.**



In The

# Fifteenth Court of Appeals

———————————

## NO. 15-25-00027-CV

———————————

## NICHOLAS KREINES, DAVID P. RYAN, LIBERTY MINERAL PARTNERS LLC, NAK RESOURCES INC., AND CGR OIL AND GAS, LLC, Appellants

### V.

## ES3 MINERALS, LLC, Appellee

**On Appeal from the Business Court Division 3B**
**Travis County, Texas**
**Trial Court Cause No. 24-BC03B-005**

### CONCURRING OPINION

I agree with all of the Court's analysis, but cannot join part V of the opinion or the disposition in the Conclusion.

The confusion here seems to arise from considering this temporary injunction as partly an order of the Business Court and partly an order of the court from which the case was transferred. But when a case is transferred from one court to another, *all* orders in the case become the orders of the court where it is pending

*regardless* of who signed them. Like any other transferee court, the Business Court has plenary power to reconsider, modify, or revoke previous orders, but there is no need to "adopt" them, nor to read all the evidentiary record to see if they were correct.

But we cannot decline review of an issue simply because litigants did not raise an objection a second time upon transfer to a new court, as the Court does here. Appeal of a transferred case cannot be split in parts, filing the parts of a case argued to the Business Court in our Court, and the parts argued to and signed by a previous judge to a different one. Court orders are orders *of the court*; they are not personal and there is no dishonor in being reversed for declining to re-visit every issue a previous judge decided.

As to disposition, we are informed that the Business Court has set this case for trial December 8, 2025. Accordingly, I would not instruct the trial court to "conduct an evidentiary hearing" to set a more reasonable bond or to consider whether to "adopt the reasoning of the District Court with respect to the remainder of the temporary injunction order." What the Business Court needs to do is try the case; the bond amount and form of the temporary injunction will become moot in a few days once the case is tried. "Generally the most expeditious way of obviating the hardship and discomfiture of an unfavorable preliminary order is to try the case on its merits." *Harley Channelview Props., LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 38 (Tex. 2024). I would not urge the judge below to take any steps other than that.

/s/ Scott A. Brister
Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.